**Martin Joseph KILCOYNE,
Plaintiff,**

v.

**Robert MORGAN, Chairman, Board of
Trustees, East Carolina Univer-
sity, et al., Defendants.**

**No. 792 Civil.**

United States District Court,
E. D. North Carolina,
Washington Division.

Feb. 5, 1975.

Thomas F. Loflin, III, Loflin, Anderson & Loflin, Durham, N. C., for plaintiff.

Rufus L. Edmisten, Atty. Gen., N. C. by Edwin M. Speas, Jr., Asst. Atty. Gen., Raleigh, N. C., for defendants.

MEMORANDUM OPINION
and ORDER

LARKINS, District Judge:

I.

Plaintiff, an associate professor of history at East Carolina University, brought this suit under Title 42, U.S.C. Section 1983, for wrongful termination of his employment. Specifically, he alleges that he is a tenured professor and the defendants did not follow the detailed requirements for discharge of tenured faculty members specified by University regulations. He claims he has suffered embarrassment and injury to his professional good name, reputation, and standing among the academic community, has had imposed upon him a stigma of incompetency, and has wrongfully been deprived of his tenure and right to continued employment. He contends that such discharge will irreparably injure him and therefore seeks an injunction to enjoin defendants from replacing him on the East Carolina staff, an order reinstating him as associate professor, and damages in the amount of $397,400.00. The defendants moved to

dismiss or in the alternative to abstain, and both motions were denied by the Court in an order dated July 5, 1973. Also, by order dated October 29, 1973, the Court denied plaintiff's motion for a preliminary injunction.

Defendants now move for summary judgment and contend that the complaint fails to state a cause of action.

## II.

The applicable facts are as follows: In the summer of 1969 the plaintiff taught a summer session at East Carolina. That fall he started his first year as a full time member of the faculty (1969–1970 school year). He was then, and has at all times since then been an associate professor. Plaintiff continued as a full time faculty member for the 1970–1971 school year, the 1971–1972 school year, and the 1972–1973 school year. In a letter dated September 20, 1971, from defendant Dr. Jenkins to plaintiff, he was reemployed for the 1972–1973 school year, his fourth year at East Carolina. The letter read:

"In accordance with the University Provisions regarding Tenure and Academic Due Process as they appear in the Faculty Manual, I am this date notifying you that you will be reemployed for the academic year 1972–1973 at your present salary plus whatever increment is recommended and approved for you for that year.

This letter constitutes my notice to you of the terms of your continued employment. I trust that you will notify me as soon as possible if you decide not to be with us during the academic year 1972–73. I call your attention to the Faculty Manual, Appendix C, Section D.

This letter is not a notification of tenure. As you know, under the current tenure policy, notification of tenure must be made by the end of the third year for those in the top two professional ranks and by the end of the fifth year for the lower two ranks. Notification of reemployment is given

according to the schedule in Appendix C, Section B of the Faculty Manual."

On April 20, 1972, Dr. Jenkins again wrote the plaintiff informing him that he would not be granted tenure and that his employment would be terminated at the end of the 1972–1973 school year. The letter read:

"In accordance with the University Provisions Regarding Tenure and Academic Due Process as they appear in the 1971–1973 Faculty Manual and upon recommendation of your department chairman and dean, I am notifying you herewith that you will not be granted tenure or employment beyond the academic year 1972–1973.

Please let me take this occasion to thank you for all of your past services and to wish you success in the further pursuit of your career."

## III.

■ Appendix B of the Faculty Manual is entitled "Personnel Policy and Procedure for the Faculty." Paragraph G of Section I of Appendix B, which appears on page 88 of the Faculty Manual, provides as follows:

"Appointments without tenure are probationary. Each faculty member without tenure shall be notified in writing by the President whether or not he will be rehired for the following year according to the schedule below:

March 1 for the first year

December 15 for the second year

One full academic year thereafter

The decision regarding retention of a non-tenured faculty member will be made by the Department Chairman after such consultation with members of the faculty and the Dean of the College or School as he shall deem appropriate in each case. The Department Chairman annually will inform the non-tenured faculty member of his progress toward tenure both by personal conference and written resume."

Appendix C of the Faculty Manual is entitled "Provisions Regarding Tenure and Academic Due Process." It provides in pertinent part at Section I, Paragraph B, which appears on page 94:

"After the expiration of a probationary period (instructors and assistant professors five years, associate professors and professors three years), full-time faculty members have tenure, and their services will be terminated only for adequate cause. It is the prerogative of the President to shorten this probationary period of faculty members at his discretion. Each faculty member without tenure shall be notified in writing by the President whether or not he will be rehired for the following year according to the schedule below:

March 1, the first year

December 15, the second year

One full academic year thereafter"

The parties have agreed by stipulation of facts that the Faculty Manual is a part of the contract of employment of every member of the faculty at East Carolina University.

Plaintiff asks the Court to read the above-quoted paragraph of Appendix C to mean that when Professor Kilcoyne was rehired for his fourth full term as associate professor and when he returned for that fourth full term, he had tenure. Therefore, he could only have been dismissed for cause. The defendants interpret this clause differently. They claim that Professor Kilcoyne was rehired one full year in advance pursuant to the regulations for members without tenure. They argue that such rehiring did not automatically grant tenure, and that tenure was not awarded until the end of the probationary period unless the probationary period was shortened by the President.

The Court accepts the defendants' conclusion, that the rehiring for an extra year did not automatically grant tenure, when tenure had been specifically denied before the expiration of the probationary period.

In September, 1971, at the beginning of plaintiff's third full year at East Carolina, he was notified of his continued employment for his fourth year (1972–1973). So that no misunderstanding would arise, however, Dr. Jenkins specifically stated that the letter of rehiring was not notification of tenure and that notification of tenure must be made by the end of the third year for associate professors. On April 20, 1972, prior to plaintiff's completion of his third full year and prior to his getting tenure, he was notified that he would not be granted tenure and that employment would be terminated at the close of the 1972–1973 academic year. Thus, the plaintiff had clearly not completed the probationary period requisite to receiving tenure when he was notified of his dismissal.

There is no provision in the Faculty Manual that no faculty member can be employed without tenure beyond the expiration of his probationary period. Indeed, Paragraph G of Section I of Appendix B of the Faculty Manual specifically states: "Appointments without tenure are probationary."

The Court is therefore of the view that the plaintiff has never had tenure at East Carolina University; and accordingly, he has no property right to continued employment. See *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The Chairman of the History Department, Dr. Paschal, did request that the senior members of the history faculty, who made up the Tenure Committee of the History Department, give him their recommendations regarding Professor Kilcoyne's tenure (see Affidavits of Dr. Paschal and Professors Steelman, Todd and Price). Dr. Paschal's affidavit shows that both the annual written resume and the annual personal conference were granted Professor Kilcoyne while he was on the faculty.

The procedures for the determination of tenure set forth in Paragraph A of Section IV of Appendix B of the Faculty

Manual, found on pages 91–92, were complied with by Dr. Paschal: He has outlined the criteria which are used in making tenure decisions in his answers to plaintiff's interrogatories. In his affidavit, Dr. Paschal states that faculty members in the History Department are given the opportunity, at least annually, to report their achievement to the Chairman. He has kept a file of all reports and records relevant to his decision to deny tenure to the plaintiff. He afforded Professor Kilcoyne the opportunity to discuss any problems which might arise during his employment. Although Dr. Paschal never specifically set forth in writing his reasons for denying tenure, the Court has found no requirement in the Faculty Manual that written reasons be formulated or that a non-tenured professor be given written reasons.

The Court has no reason to question the adequacy of the reasons for denial of tenure. The plaintiff has provided the Court with no facts which would support the argument that plaintiff's constitutional rights were violated in the denial of tenure. Absent a showing of the denial of constitutional rights, subtle reasons for non-retention, which only have minimal factual support should be respected by the Court. *Holliman v. Martin*, 330 F.Supp. 1 (W.D.Va. 1971).

In this case, the one year's notice of non-retention was fair.

Accordingly, it is ordered that plaintiff's motion for summary judgment be denied and defendants' motion for summary judgment be allowed.